# In the United States Court of Federal Claims

No. 26-707
Filed: May 26, 2026

---

POSILLICO CIVIL, INC.,

        *Plaintiff*,

v.

THE UNITED STATES,

        *Defendant*,

and

BARNARD CONSTRUCTION
COMPANY, INC.,

        *Intervenor-Defendant.*

---

**TAPP, Judge.**

### ADMINISTRATIVE RECORD FILING INSTRUCTIONS ORDER

In cases that require the United States to file an administrative record, the electronic filing of that record is often cumbersome due to its size and page count. Consequently, the Court has developed standing procedures to ensure the administrative record is easily accessible to the Court and chambers staff as well as streamline the process of drafting a dispositive opinion.

The Court recognizes that parties may be capable of sharing those documents that comprise the record through third-party document management software. Generally, the interfaces of third-party document management software are more user-friendly than the Court's CM/ECF system. The Court, however, is entirely reliant on viewing the administrative record through the CM/ECF system. Erratic, disorganized administrative records spanning multiple CM/ECF entries add unnecessary time and effort to the opinion drafting process, frustrating the goals of judicial economy.

The CM/ECF filing system only accepts PDF-formatted documents that do not exceed 200 megabytes of data.[1] Often, that 200-megabyte size limitation means that the United States

---

[1] The Clerk of the Court of Federal Claims has recently increased the maximum file size from 50 megabytes to 200 megabytes.

must break down the administrative record into multiple PDFs to upload the entire administrative record into the CM/ECF system.

The Court's preference is for the United States to file as few PDFs as possible, meaning that the United States must consolidate as many pages of the administrative record as the CM/ECF system's size limitations will allow into each PDF. Frequently, that endeavor is aided by "compressing" or "flattening" the file to reduce the size of the digital information the file contains, i.e., reducing the number of megabytes per PDF while increasing the number of pages that can comprise a single, 200-megabyte PDF. Other methods of file size reduction, such as converting the document to grayscale, may further reduce the digital information footprint.

The practice of compressing as many pages into as few PDFs as possible substantially aids the opinion drafting process. After the entire record has been filed, in the instances that it spans multiple PDFs, the Court generally combines all the PDFs into a single, large PDF file containing the entire administrative record. So long as the United States has consecutively paginated the administrative record without gaps in the numbering, the Court can cross-reference the administrative record page citations in the parties' briefs by simply typing that "AR" number into the page navigation field in the Adobe Acrobat PDF viewer.

Relatedly, when filing the administrative record in CM/ECF, the parties should *not* use "attachments" to include multiple PDFs in a single CM/ECF entry. The following figure is an example of that disfavored practice:

| | |
|---|---|
| 25 | **SEALED**ADMINISTRATIVE RECORD *Part Three (AR9967-12699)*, filed by USA. (Attachments: # 1 Tab 73, # 2 Tab 74, # 3 Tab 75, # 4 14 Tab 86, # 15 Tab 39.1, # 16 Tab 39.2, # 17 Tab 41) ▮▮▮▮ |
| 24 | **SEALED**ADMINISTRATIVE RECORD *Part Two (AR4967-9966)*, filed by USA. (Attachments: # 1 Tab 34, # 2 Tab 35, # 3 Tab 36, # 4 Tab Tab 49, # 15 Tab 50, # 16 Tab 51, # 17 Tab 52, # 18 Tab 53, # 19 Tab 54, # 20 Tab 55, # 21 Tab 56, # 22 Tab 57, # 23 Tab 58, # 24 Tab 59, # 25 T 69, # 35 Tab 70, # 36 Tab 71, # 37 Tab 72) ▮▮▮▮ |
| 23 | **SEALED**ADMINISTRATIVE RECORD *Part 1 (AR1-AR4966)*, filed by USA. (Attachments: # 1 AR Certification and Index for AR, # 2 Ta (AR873-924), # 8 Tab 7 (AR925-990), # 9 Tab 8 (AR991-1193), # 10 Tab 9 (AR1194-1405), # 11 Tab 10 (AR1406-1475), # 12 Tab 11 (AR 1476 (AR2080-2323), # 17 Tab16 (AR2324-2517), # 18 Tab17 (AR 2518-2782), # 19 Tab 18 (AR2783-2913), # 20 Tab 19 (AR2914-3038), # 21 Tab 2 (AR3728-3809), # 26 Tab 25 (AR3810-3909), # 27 Tab 26 (AR3910-4053), # 28 Tab 27 (AR4054-4195), # 29 Tab 28 (AR4196-4222), # 30 Tab (AR4908-4966)) ▮▮▮▮ |

*Figure 1*

That disfavored format requires the Court to access each section of the record individually because, in the aggregate, the consolidated file would be too large for the CM/ECF system to manage:

| 28 | Tab 27 (AR4054-4195) | 142 pages | 47.7 mb |
| 29 | Tab 28 (AR4196-4222) | 27 pages | 8.1 mb |
| 30 | Tab 29 (AR4223-4577) | 355 pages | 47.7 mb |
| 31 | Tab 30 (AR4578-4704) | 127 pages | 47.9 mb |
| 32 | Tab 31 (AR4705-4819) | 115 pages | 47.6 mb |
| 33 | Tab 32 (AR4820-4907) | 88 pages | 47.9 mb |
| 34 | Tab 33 (AR4908-4966) | 59 pages | 47.4 mb |

**Note**: You must view each document individually because the combined PDF would be over the 400 MB size limit.

*Figure 2*

Instead, the United States should file each PDF containing the administrative record, whether in total or in part, under a separate ECF number. As an example, if the United States has filed a 200-megabyte PDF comprising the first part of the administrative record in ECF No. 23, the second part of the administrative record should be filed under ECF No. 24, *not* ECF No. 23-1. In addition, when the parties utilize this method, page citations are easier to locate within CM/ECF. For example, if part one of a three-part administrative record is filed under ECF No. 23, and the United States identifies that part one contains 2,500 pages, the Court can quickly locate the documents supporting briefs that cite to "AR 1" through "AR 2500." Likewise, it would be obvious that a citation to "AR 2501" would be in part two filed sequentially within CM/ECF.

As an added benefit, the practice described above allows the record to be amended should it be necessary. That is because the Court may strike an entire ECF entry but, due to technological limitations of the CM/ECF system, is unable to strike an attachment to an ECF entry.

In addition to the specifications for filing the administrative record in CM/ECF, the Court requires the parties to file a Joint Appendix at the conclusion of briefing. The deadline for that filing will be set in the initial scheduling order. In the appendix, the parties should include only the *pages* from the administrative record that the parties cite in their briefs. For example, if the plaintiff cites to page 3 of the performance work statement, the parties need only include that page in their appendix. The parties *shall not* include the entire performance work statement in its appendix unless so cited.

Additionally, if the parties wish to share the administrative record using the Justice Enterprise File Sharing (JEFS) System, attorneys should send the invitation to CFC_File_Share@cfc.uscourts.gov. Attorneys are required to inform the Court of their intention to exchange the record on the JEFS platform and must also file a Notice of that exchange on CM/ECF.

The parties are **ORDERED** to adhere to these guidelines as closely as possible. Counsel are urged to contact chambers during regular business hours if they have any questions as to these instructions.

**IT IS SO ORDERED.**



s/      David A. Tapp____
DAVID A. TAPP, Judge