# United States Court of Federal Claims

POSILLICO CIVIL, INC.,

               Plaintiff,

      v.

THE UNITED STATES,

               Defendant,

and

BARNARD CONSTRUCTION
COMPANY, INC.,

         Intervenor-Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 26-707

Judge David A. Tapp

### <u>FISHER SAND & GRAVEL CO.'S MOTION TO INTERVENE</u>

Pursuant to Rule 24.2(a)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), Fisher Sand & Gravel Co. ("Fisher"), through undersigned counsel, respectfully moves to intervene as an intervenor-defendant in the above-captioned bid protest filed by Posillico Civil, Inc. ("Posillico"). Fisher has conferred with counsel for the Government, Posillico, and intervenor-defendant Barnard Construction Company, Inc. ("Barnard"), and they have each advised that they do not oppose this motion.

Posillico's First Amended Complaint (ECF No. 13) challenges task orders issued by the U.S. Customs and Border Protection for certain border infrastructure projects, including Task Order No. 70B01C26F00000073 (referred to by Posillico as the "El Paso Task Order") that was awarded to Fisher.[1] *See* First Am. Compl. ¶ 35. As a contract awardee of the El Paso Task Order,

---

[1] Posillico's First Amended Complaint also raises allegations in connection with the award of certain other task orders (designated by Posillico as so-called "Pattern Orders"), including eight such task orders awarded to Fisher. *See* First Am. Compl. ¶ 56 and related table.

Fisher claims an interest relating to the property or transaction that is the subject of this protest—namely, the work awarded to Fisher under the El Paso Task Order.  The disposition of Posillico's protest may as a practical matter impair or impede Fisher's ability to protect its interest in receipt of the awarded task order.

RCFC 24(a) provides, in pertinent part, that the Court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." This Court has recognized that "'the requirements for intervention are to be construed in favor of intervention.'" *Bannum, Inc. v. United States*, 96 Fed. Cl. 364, 378 (2010) (quoting *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)). In bid protests challenging a contract award, this Court has routinely concluded that an awardee of the contract at issue meets the RCFC 24(a) requirements for intervention as a party-defendant. *E.g., Bannum, Inc.*, 96 Fed. Cl. at 378; *Emerald Coast Finest Produce Co., Inc. v. United States*, 74 Fed. Cl. 679, 680-81 (2006); *Comprehensive Health Servs., Inc., v. United States*, 70 Fed. Cl. 700, 718-19 (2006).

Defendant United States cannot adequately represent Fisher's interests in this matter.  The United States must fulfill contractual and regulatory obligations beyond those due to Fisher, and thus the United States cannot fully and adequately represent the interests of Fisher alone.

Fisher's motion to intervene in this protest is timely filed and will not prejudice the parties. The Administrative Record has not been produced in this proceeding and is not due to be produced for several weeks yet.  Fisher's intervention will not disrupt or require alteration of the schedule already established in this matter (ECF No. 17), as Fisher is prepared to adhere to the existing schedule and file its motions and replies on the schedule established by the Court for filings by the

Intervenor-Defendant.  Thus, granting Fisher's motion and permitting Fisher to intervene will not delay adjudication of this bid protest proceeding.

For the foregoing reasons, Fisher respectfully requests that the Court grant Fisher's Motion to Intervene in this bid protest.

Respectfully submitted,

*s/ Frank S. Murray*

FRANK S. MURRAY
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington D.C. 20007-5143
Telephone 202.295.4163
Email: fmurray@foley.com

*Counsel of Record for Fisher Sand & Gravel Co.*

June 4, 2026